OPINION
{¶ 1} Defendant-appellant Michael Galluzzo appeals from his conviction and sentence, following a bench trial, for Disorderly Conduct. He contends that his conviction is against the manifest weight of the evidence, because he contends that he proved the affirmative defense of self-defense. The trial court found that Galluzzo had failed to prove the affirmative defense of self-defense by a preponderance of the evidence. Based upon our review of the record of the trial, we conclude that the trial court's finding is not against the manifest weight of the evidence. Accordingly, the judgment of the trial court is Affirmed.
 I {¶ 2} It appears that Galluzzo's bench trial for Disorderly Conduct was bifurcated, with witnesses for the State having testified on one occasion, and witnesses for Galluzzo having testified on another occasion. There is a transcript of the proceedings at which Galluzzo's witnesses testified. These proceedings also included closing arguments and the trial court's rendering of its decision from the bench.
 {¶ 3} For whatever reason, it appears that no transcript could be made of the hearing at which the State's witnesses testified. However, there was an Agreed Statement of the Evidence, pursuant to App.R. 9(C), in connection with the first appeal in this case. That Agreed Statement of the Evidence is set forth in full in our opinion in that appeal. Statev. Galluzzo (March 30, 2001), Champaign App. No. 99-CA-25.
 {¶ 4} Galluzzo was married to Teresa Galluzzo, now known as Teresa Cook, from 1987 until their divorce in 1994. There were two children of that marriage. Teresa Galluzzo remarried in August, 1998.
 {¶ 5} Since the divorce in 1994, the relations between Galluzzo and his former wife have been contentious. As a result, the Champaign County Domestic Relations Court had ordered that the exchanges of the children for visitation were to take place at the St. Paris, Ohio, police station.
 {¶ 6} The events giving rise to this cause took place in connection with one of these exchanges of the children at the police department. This occurred in early October, 1999, at approximately 6:00 p.m. Galluzzo was on crutches as a result of knee reconstruction surgery. Galluzzo approached the van in which his former wife and her new husband, Jim Cook, were seated, together with the Galluzzo children. The children opened the door to get out and go with their father for visitation. Galluzzo had a letter that he wanted to give to the Cooks, in which he discussed upcoming visitation dates. Galluzzo handed the letter to his daughter, and told her to hand it to her mother. Mrs. Cook said she did not want the letter, and would not take it. It was Galluzzo's testimony that he tossed the letter on the back seat of the van. The Cooks testified that Galluzzo threw the letter into the van, Galluzzo entering the van to do so.In any event, Galluzzo and his daughters began to walk home. Mr. Cook jumped out of the van, yelling at Galluzzo. Galluzzo was 30 to 40 feet away from the van, and was continuing on his way on his crutches. Mr. Cook testified that he "confronted" Galluzzo with the letter. He further testified that he put the letter upon the chest of, and into the shirt of, Galluzzo. Mr. Cook testified that this was the only contact with Galluzzo that he initiated. Galluzzo, however, testified that Mr. Cook shoved the letter upon his chest, and struck him. Galluzzo testified that he attempted to back away from Mr. Cook, but could not proceed any further due to the fact that he had been backed up against the police station wall.
 {¶ 7} Both Cook and Galluzzo were charged with Disorderly Conduct. Cook pled no contest. Galluzzo was tried to the court, was found guilty, and was sentenced accordingly. Galluzzo appealed from his conviction and sentence.
 {¶ 8} In an opinion rendered March 30, 2001, State v. Galluzzo,supra, we reversed Galluzzo's conviction and sentence, and remanded the cause to the trial court to consider whether Galluzzo had sufficiently withdrawn from the initial confrontation, at the Cooks' van, to be restored to his right of self-defense, and, if Galluzzo had sufficiently withdrawn to be restored to his right of self-defense, whether Galluzzo had succeeded in proving, by a preponderance of the evidence, his affirmative defense of self-defense.
 {¶ 9} Upon remand, the trial court set the case for hearing on April 20, 2001. It appears, however, that there was no retrial. It appears that both parties filed briefs, based on the original trial.
 {¶ 10} On April 30, 2001, there was a sentencing hearing at which the trial court imposed a fine of $100 and court costs. On May 9, 2001, a journal entry was filed in the trial court, the entire text of which is as follows:
 {¶ 11} "THE COURT FINDS THE DEFENDANT TO BE THE INITIAL AGGRESSOR AND THE COURT FINDS THAT THE DEFENDANT FAILED TO PROVE THE DEFENSE OF SELF-DEFENSE BY A PREPONDERANCE OF EVIDENCE AND THE COURT FINDS THAT THE PROSECUTING ATTORNEY PROVED HIS CASE BEYOND A REASONABLE DOUBT. DEFENDANT IS FINED $100.00 AND COURT COSTS."
 {¶ 12} From his conviction and sentence, Galluzzo appeals.
 II {¶ 13} Galluzzo's sole assignment of error is as follows:
 {¶ 14} "THE VERDICT OF THE TRIAL COURT WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE."
 {¶ 15} In support of his assignment of error, Galluzzo contends that the judgment of the trial court is against the manifest weight of the evidence because Galluzzo proved the affirmative defense of self-defense.
 {¶ 16} Galluzzo also contends that the trial court failed to address the issue of whether he had sufficiently withdrawn from the initial confrontation to be restored to his right of self-defense. We agree. However, the trial court did expressly find that Galluzzo failed to prove the affirmative defense of self-defense by a preponderance of the evidence. Thus, as long as the record would support this finding, the trial court's failure to have addressed the issue of whether Galluzzo had been restored to his right of self-defense is moot, because the trial court proceeded, without deciding that issue, to the next step of the analysis mandated by this court, which was to determine whether Galluzzo had proven self-defense by a preponderance of the evidence.
 {¶ 17} Although the evidence in the record is conflicting, we conclude that there is evidence in the record to support the trial court's finding that Galluzzo failed to prove the defense of self-defense by a preponderance of the evidence, and that this finding is not against the manifest weight of the evidence.
 {¶ 18} Galluzzo relies upon the testimony of Gloria Larck and Robert Pullins. He contends that they corroborate his version of events, which is that he was merely defending himself from Cook's attack upon him.
 {¶ 19} Larck testified that she saw Cook strike Galluzzo. Upon cross-examination Larck physically demonstrated the action that she construed as Cook's having struck Galluzzo. That testimony is worth setting forth:
 {¶ 20} "Q. And you see his arm coming down like this?
 {¶ 21} "A. Yes.
 {¶ 22} "Q. Do you see his arm striking Mr. Galluzzo?
 {¶ 23} "A. It appeared to me that it was.
 {¶ 24} "Q. I understand that you say it appeared to you. Do you see him strike Mr. Galluzzo?
 {¶ 25} "A. Yes.
 {¶ 26} "MR. WEITHMAN [representing the State]: Okay. Could I stand up if I could, Your Honor?
 {¶ 27} "THE COURT: Yeah. Sure.
 {¶ 28} "Q. Could you show me what you saw, ma'am? I'm Mr. Galluzzo.
 {¶ 29} "A. Uh-huh.
 {¶ 30} "Q. You be the other gentleman. Show me what you saw. I'm turned this way and I'm turning back towards you. What do you see?
 {¶ 31} "A. What did I see?
 {¶ 32} "Q. Show me any action that you saw.
 {¶ 33} "A. You just turned around or?
 {¶ 34} "Q. You said that they are now facing each other.
 {¶ 35} "A. Uh-huh.
 {¶ 36} "Q. You say you saw the other gentleman. What did you see the other gentleman do? Show me.
 {¶ 37} "A. Come down like this.
 {¶ 38} "Q. He's making a motion down like this?
 {¶ 39} "A. Yes.
 {¶ 40} "Q. Okay. Did you see that motion strike Mr. Galluzzo, and if it did, where did it strike him? Here, here or where?
 {¶ 41} "A. All I can tell you is his head went this way. That's all I can tell you because his back is to me."
 {¶ 42} Thus, it appears that Larck demonstrated, for the benefit of the trial court, the action that she saw Cook take towards Galluzzo. In the State's closing argument, the State characterized her testimony as follows:
 {¶ 43} "What Mr. Cook says he did and there's no debate about this was to return a letter to Mr. Galluzzo. The way and the motions that he did this is quite consistent with what this lady said she saw striking. He said he went up, pushed the letter back towards Mr. Galluzzo in such a motion she would've figured was striking. Mr. Galluzzo [evidently meaning Mr. Cook] when he testified says that that's what he was doing. He was putting the letter on him. That, Your Honor, would seem to indicate what she saw."
 {¶ 44} Galluzzo's trial counsel, in his closing argument, did not respond to the State's characterization of Larck's demonstration of the actions she saw Cook take toward Galluzzo. Accordingly, we conclude that the trial court could reasonably have found, from Larck and Cook's testimony, that Cook did not actually strike Galluzzo, but was merely thrusting upon Galluzzo the letter that Galluzzo had earlier thrust upon the Cooks.
 {¶ 45} Finally, Galluzzo relies upon the testimony of Robert Pullins. Pullins testified that he heard Larck yelling that there was a fight outside the restaurant where Pullins was at the time. When Pullins walked out the back door, he saw Cook hit Galluzzo. Thus, it appears that Pullins did not see the beginning of the altercation. Furthermore, Pullins testified that he did not see Galluzzo hit Cook, even though Galluzzo admitted that he had hit Cook, but claimed he had done so only in self-defense. This strengthens the inference that Pullins missed the beginning of the fight, so that his testimony contributes nothing of consequence concerning Galluzzo's role in the origin of that fight.
 {¶ 46} Although the trial court never resolved the issue of whether Galluzzo had sufficiently withdrawn from the initial confrontation, at the Cooks' van, to be restored to his right of self-defense, the trial court expressly found that Galluzzo had failed to prove the defense of self-defense by a preponderance of the evidence. Based upon our review of the record, we conclude that the trial court's finding is not against the manifest weight of the evidence. Cook testified that he was merely returning the letter to Galluzzo when Galluzzo hit him, and the trial court could reasonably credit that testimony.
 {¶ 47} Galluzzo's sole assignment of error is overruled.
 III {¶ 48} Galluzzo's sole assignment of error having been overruled, the judgment of the trial court is Affirmed.
WOLFF, P.J., and BROGAN, J., concur.